VERNON NEW v. THE STATE.

No. 21948. Delivered February 18, 1942.
Rehearing Denied March 25, 1942.
Application for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) April 1, 1942.

The opinion states the case.

*O. M. Lord,* of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of robbery with firearms, and by the jury assessed a penalty of five years in the penitentiary.

There are no bills of exceptions in the record.

The State relied mainly upon circumstantial evidence to establish the identity of the person committing the robbery, and in our opinion the identification was sufficient to show that appellant was the person who took a pistol and by means thereof took from the complaining witness certain moneys.

The trial court gave the only charge requested by appellant, and there were no objections filed to the court's charge.

While appellant presented evidence of an alibi, such was evidently not believed by the jury, which was within their province.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant says, as his first grounds, that an opinion was rendered in this case on the very date that it was submitted without appellant having opportunity to present his argument in the case.

The record discloses that the transcript was filed on November 14, 1941; that it was set for submission on the 11th day of February, 1942, and that the opinion affirming the judgment of the trial court was delivered on February 18th. No brief was filed in behalf of appellant by the date of submission on February 11th and none was tendered for filing on or before February 18th. Appellant's counsel did not appear on said date to make an oral argument in his behalf. It, therefore, appears that appellant's complaint that he was defeated in his right to present the case in this court is error.

We have examined the evidence on the question of identification and considered the argument thereon in the motion for rehearing. We are of the opinion that a proper dispostion was made of the questions raised and that the motion for rehearing should be denied, which is, accordingly, done.